On the Merits.
 

 BRUNOT, J.
 

 , This case is fully stated in the opinion handed down by Justice THOMPSON herein on the motion of appellee to dismiss the appeal, and it is not necessary to restate it here. The case was submitted for decision upon the merits without argument, and appellee alone has filed a brief. The appeal is by the defendant in rule from the following judgment:
 

 . “After hearing the evidence, pleadings and argument of counsel, it is ordered, adjudged and decreed that the rule herein taken on the —-- day of December, 1928 be made absolute in the alternative and the Civil Sheriff of the Parish of Orleans is ordered to sell the property therein described at public auction after fifteen days notice and three advertisements according to law at the risk and for the account of said purchaser, Mrs. E. Gipson.
 

 “It is further ordered, adjudged and decreed that the deposit of Eight Hundred Seventy-five Dollars ($875.00) now in the hands of the Civil Sheriff for the Parish of Orleans, be paid to the plaintiff, Orleans Homestead Association, to defray any loss that may be occasioned by such resale.”
 

 
 *339
 
 The regularity of the foreclosure- proceedings are not questioned. The property ■was sold and adjudicated to Mrs. E. Gipson, through her disclosed agent, on August 11, 1928, and 10 per cent, of the purchase price of the property was deposited with the civil ■sheriff at the time of the adjudication. Mrs. Gipson failed to comply with the adjudication, although she was requested, in writing, through her agent, to do so, by the civil sheriff and by counsel for the plaintiff. A formal notice to her to comply with the adjudication was unavailingly served upon her agent, and ■on December 11, 1928, two months after the ■date of the adjudication a rule, in the alternative was filed herein, to compel compliance with the adjudication or for an order directing the civil sheriff to resell the property at the risk and for the account of the adjudicatee. The judgment appealed from was up■on this rule, and the appeal merely calls for an interpretation of Act No. 316 of 1908. The title and Act follows:
 

 “An Act
 

 “In reference to sales of real property by Sheriffs and Constables in parishes containing two hundred thousand or more inhabitants in the State; to provide for the payment of the price and for deposit at the time of adjudication, and providing means for the collection of the balance of the price.
 

 “Section 1. Be it enacted by the General Assembly of the State of Louisiana, That in all sales of real property by Sheriffs or Constables where the terms of sale are not fixed in the judgment or order of sale or writ, it shall be competent for the party provoking the sale or controlling the writ to instruct the .Sheriff or Constable before the advertisement as to what portion of the purchase price shall be paid at the moment of adjudication, or in default of said instruction the Sheriff or Constable may fix the amount, which shall not in any case be less than 10 per cent, and this shall be stated in the advertisement.
 

 “Section 2. Be it further enacted, etc., That said payment on account shall not be considered as earnest money and shall not give the purchaser the right to withdraw from the sale by forfeiting the deposit, but in the event that the property should have to be resold as hereinafter provided, said deposit shall be used to pay, as far as it may be necessary any loss that may have been occasioned by such resale, and the Sheriff or Constable shall pay said amount to the plaintiff in writ or order when ordered by the court and any action in relation thereto shall be summary and by ruie.
 

 “Section 3. Be it further enacted, etc., That unless within thirty days from the date of any sale made as aforesaid the entire purchase price be paid, then on demand of any party in interest the Sheriff or Constable shall advertise the property for sale after fifteen days’ notice and three advertisements within that time, and the sale shall be at the risk and for the account of the former purchaser, and should there be any loss by reason of said second sale the first purchaser shall be liable therefor, but should the property at the second sale bring an increased price, the first purchaser shall have no right to any portion of said increase.
 

 “Section 4. Be it further enacted, .etc., Should the second sale result in no loss then on demand after the second sale has been completed and the entire price paid therefor the Sheriff or Constable shall return to the first purchaser the amount of his deposit
 

 "Section 5. Be it further enacted, etc., That all laws and parts of law in conflict with the provisions of this Act be, and the same are
 
 *341
 
 hereby repealed. Provided that this Act shall apply only in parishes in this State containing two hundred thousand or more inhabitants.”
 

 The several sections of the act are plain and unambiguous, they do not require interpretation, and no question is raised as to the constitutionality or legality of any provision of the act. Whether or not notice served upon a principal’s disclosed agent is notice to the principal is of no consequence here, because there is no provision in the act requiring notice to an adjudicatee to comply with the adjudication.
 

 Por the reasons stated, we find that the judgment appealed from is correct, and it is therefore decreed that it be affirmed at appellants’ cost.